## Fox Diefendorf v. Henry A. Oliver.

1. Statute of Frauds; *Purchases bona fide.* Where one party sells goods with intent to defraud his creditors, but the other party purchases them in good faith, and without notice of such fraudulent intent, the purchaser obtains a good title to the goods.

2. Garnishment; *Promissory Notes.* Where a party purchases goods in good faith, and without notice of any fraudulent intent on the part of his vendor, and pays for the goods by giving a third person his negotiable promissory notes, he is not thereafter indebted to the person from whom he purchased the goods. And although said notes are in the hands of a person who took them with notice of the fraudulent intent of the vendor of the goods, and are unpaid, the maker of the notes cannot be garnisheed thereon by the creditors of his vendor.

### Error from Jefferson District Court.

Diefendorf instituted proceedings against *Oliver* and another as garnishees of Robb. The case was tried at the November Term, 1868. The facts are fully stated in the opinion. The district court found that *Oliver* was not liable as garnishee, and gave judgment in his favor for costs; and *Diefendorf* brings the case here by petition in error.

*Clough & Wheat,* for plaintiff in error:

1. The finding of the court that Oliver had no notice or knowledge that Robb intended to defraud his creditors, is not sustained by the evidence.

But if such finding was correctly made, it is not sufficient to relieve Oliver from liability to Diefendorf. It is apparent from the other findings that Robb then being indebted to

Diefendorf, and to others, owned a stock of goods worth $4,500 which he sold to Oliver; that Robb made such sale with intent to defraud his creditors; that the sale was made in bulk, and without invoice; that Oliver paid therefor by giving his notes, payable to Robb's wife, Anna, payable in three, six, nine and 12 months, with interest at 10 per cent.; that said Anna was not doing a separate business on her own account; and that, at the time of trial, there was $2,550 due on the last two notes.

We submit that from these findings, as matter of law (of which Oliver and everybody else is bound to take notice,) these notes, if they had any valid life or force, were the property of Alexander W. Robb, and the money due thereon was his. 31 Me., 562; 32 id., 256; 25 id., 341; 10 Metc., 451; 7 Pick., 65; 12 id., 173; 10 Cal., 9; 31 Cal., 478; 18 Penn. St., 366; 21 id., 355; 37 id., 156; 49 id., 129, 231; 53 id., 400; 4 How. (Miss.) 204; 7 id., 425; 1 Hayw., 3; 5 Allen, 207; 14 id., 36; 3 Gray, 392; 8 id., 231; 8 Am. L. Reg., N. S., 219; 15 Wis., 381; 20 id., 536; 10 Md., 104; 14 Ind., 176; 5 Duer, 477; 22 N. Y., 450.

2. To have shown that by the transaction any rights to the notes vested in Anna Robb, or that by her indorsement any title passed, it should have been shown that she acquired them under chapter 141 Compiled Laws, 1862. The indorsement by Anna Robb of any of the notes amounted to nothing— that is, did not transfer the title, or constitute any other person indorsee thereof. 17 Maine, 301; 2 J. J. Marshall, 82; 1 Strange, 516; 3 Ind., 545; 1 East, 432; 29 Eng. C. L., 19. And therefore any finding to the effect that *Anna Robb* had indorsed any of the notes (there being no finding of fact that Alexander W. Robb had either indorsed or *assented* to an indorsement of any of the notes by Anna Robb, so as to make it his act,) we suppose to be immaterial on the question of Oliver's liability as garnishee.

3. But independently of the questions whether the sale by Robb was with intent to defraud his creditors, and whether Oliver had knowledge of such intent, the findings show that the sale was made in trust for the use of Robb, and Oliver

knew it; and therefore said sale was void under § 1 of the Statute of Frauds. 5 Kas., 324; 6 Wall., 78; 10 Cal., 228; 13 id., 78; 28 Mo., 177; 31 id., 62; Twyne's Case, 1 Smith's L. C., 1, 41, 52, 58, 63.

It also appears from the evidence that Oliver knew, that in so far as the sale was not for the secret use of Robb, it was to transfer his property to his wife, *without consideration*, Oliver thereby having the clearest sort of notice that the transfer was not good against the creditors of Robb. 16 Ohio St., 88; 16 Iowa, 141; 35 N. Y., 647; 13 Wis., 460; 40 Mo., 219, 594; 14 Allen, 36, 163; 6 Hill, 433; 6 Wallace, 299.

4. And so far as the matter may affect this case, we suggest that neither Charles J. Robb, nor Cowan, was such a purchaser of the notes as would assist Oliver in his defense. 18 Penn. St., 388; 21 id., 443; 3 Kas., 104; 17 Me., 301; 12 Wend., 593; 3 Ind., 545; 29 E. C. L., 36; Edw. on Notes, 303.

*Keeler & Johnson*, for defendant in error, filed no brief.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error Fox Diefendorf complains of a judgment rendered against him in the court below in favor of the defendant in error Henry A. Oliver. The facts are substantially as follows: On the 2d of August, 1867, there was a suit pending in the district court of Jefferson county in which Fox Diefendorf was plaintiff and Alex. W. Robb was defendant. On that day said Oliver and Anna Robb were summoned to answer as garnishees in said suit. They answered, but their answers were not satisfactory to Diefendorf. Hence he proceeded with said suit until he obtained a judgment against Alex. W. Robb for $3,326 and costs, and then commenced the present action against all the defendants in error *jointly* for that amount and interest and costs. We suppose he claims to recover from Alex. W. Robb as the original debtor, and to recover from Anna Robb and Henry A. Oliver as garnishees in the other suit. The case was tried by the court without a jury, and special findings were made; and upon these findings

the court rendered a judgment in favor of Diefendorf and against the two Robbs jointly for $3,558.82 and costs, and also rendered a judgment in favor of Oliver and against Diefendorf for costs, and this is the judgment of which Diefendorf now complains.

The facts upon which Diefendorf claims that Oliver is liable as garnishee are as follows: On the 17th of July, 1867, Oliver bought some goods of Alex. W. Robb and gave therefor four negotiable promissory notes, each for $1,125, payable to Anna Robb the wife of Alex. W. Robb. Said notes to become due in three, six, nine, and twelve months, respectively, from that time. The first two of said notes were paid before Oliver was garnisheed, and the other two were paid afterwards. On the first day of August 1867, (one day before garnishment,) these notes were indorsed by Anna Robb to her son Charles J. Robb, and about March, 1868, they were indorsed by him to A. M. Cowan. On May 4th, 1868, Oliver paid the amount of these two last mentioned notes to Cowan. When Oliver was garnisheed both of these notes were in the hands of Charles J. Robb, and neither of them was due. When this suit was commenced, (January 31st, 1868,) they were still in the hands of Charles J. Robb, and neither note was then due; nor was either note yet due when the two notes were assigned to Cowan. When the trial was had in this case both notes were due and paid in full.

The court below found that the sale of said goods was made by the Robbs with the intent to defraud Alex. W. Robb's creditors, and the court also found some facts that would tend to show that the assignment of the notes by Anna Robb to her son was also fraudulent. But the court also found that Oliver acted in good faith during the whole transaction; that he had no notice of the fraudulent intent of the Robbs. The first complaint of the plaintiff in error is, that this last-mentioned finding is against the evidence, and is therefore erroneous. We are of a different opinion however. We think this finding is established by abundant evidence, and is therefore correct.

The second and only other complaint of the plaintiff in

error is, that, taking the facts as established, still the judgment of the court below is nevertheless erroneous. Again we think the plaintiff in error is mistaken. If Oliver is liable at all as garnishee it must be because he at the time he answered as garnishee had property in his hands belonging to Alex. W. Robb, or because he at that time was indebted to Alex. W. Robb. *First:* Had he property belonging to Alex. W. Robb in his possession? He probably had the goods or a portion of them which he bought of said Robb; but the evidence hardly shows that the goods ever belonged to Alex. W. Robb. The evidence rather tended to show that they belonged to Anna Robb when Oliver bought them. But suppose they belonged to Alex. W. Robb when Oliver bought them; still, Oliver was an innocent and *bona fide* purchaser, without any notice of the fraudulent intentions of the Robbs, and therefore he obtained a good and absolute title to them, legal and equitable, and no creditor of Robb's had any right to question his title. *Second:* Was Oliver indebted to Alex. W. Robb? In a transaction in which Oliver acted in entire good faith he purchased some goods which he supposed belonged to Anna Robb, and with the consent of Alex. W. Robb, from whom he purchased them, he gave in payment therefor his negotiable promissory notes to Anna Robb, two only of which notes remained unpaid at the time he was garnisheed, and these two were not yet due. Under these circumstances we do not think he was indebted to Alex. W. Robb. His answer when he was garnisheed, "that he was not indebted to Alex. W. Robb," was correct. On such notes as these he was not liable to be garnisheed by the creditors of *Alex. W. Robb.* The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.